UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
SAMUEL EDWARD COOLEY,

    Debtor.
_____/

DATEX INC.,

    Appellant,

v.                                                          Case No. 8:24-cv-870-TPB
                                                          Bankr. No. 8:22-bk-4593-RCT
                                                          Adv. Pro. No. 8:23-ap-26-RCT

SAMUEL EDWARD COOLEY,

    Appellee.
_____/

**<u>ORDER AFFIRMING BANKRUPTCY COURT'S
MEMORANDUM OPINON AND FINAL JUDGMENT
AND DENYING MOTIONS FOR SANCTIONS</u>**

This matter is before the Court on appeal from the bankruptcy court's memorandum opinion and final judgment against Appellant Datex Inc. and in favor of Appellee Samuel Edward Cooley in the adversary proceeding numbered 8:23-ap-26-RCT.  The appeal is fully briefed.  After reviewing the parties' briefs, the court file, and the record, the court finds as follows:

**<u>Background</u>**

Appellant Datex Inc. is a privately-held Florida corporation that provides supply chain software for warehousing distribution centers.  The Board of Directors is comprised of members of the Armanious family.  At the relevant time, Michael Armanious was Datex's president and a member of the Board of Directors.

Appellee and Debtor Samuel Edward Cooley, a Florida and California licensed attorney, was married to Michael Armanious and worked as Datex's general counsel from January 2020 to April 2021.  At some point in 2020, Cooley told his husband and members of his immediate family that he had been diagnosed with anal cancer and would need to undergo aggressive treatment over the course of several months.[1]  But Cooley did not have cancer.  During this time period, Datex contends that Cooley used his "cancer lie" to avoid performing his duties as general counsel, cancelling business trips and using hundreds of hours of paid time off that he would not otherwise have been entitled to.

On March 31, 2021, Cooley informed Datex of his intent to resign at the end of April 2021.  Then, on April 14, 2021, Cooley served Michael Armanious with divorce papers.  Datex terminated Cooley's employment that same day.

Datex initially sued Coley in state court in July 2022.[2]  After Cooley filed for Chapter 13 bankruptcy protection on November 17, 2022, Datex filed its proof of claim in the amount of $192,531.37, which Cooley objected to, along with its verified non-dischargeability complaint.  The complaint asserted claims against Cooley for breach of his employment agreement, breach of fiduciary duty, fraud, and conversion.

---

[1] It is undisputed that Cooley was never diagnosed with stage 1 or stage 2 anal cancer, and he has never undergone radiation treatment for cancer.

[2] Cooley points out that the state court case was filed over fifteen months following his departure and only after (1) Cooley was awarded attorney's fees in his divorce proceedings in April 2022, and (2) Michael Armanious was restrained from directly harassing and abusing Cooley by the divorce court on June 30, 2022.

The bankruptcy court tried the adversary complaint on February 26, 2024, and March 1, 2024. At trial, the bankruptcy court heard testimony from Cooley (both live and through video deposition designations), Paul Wayne Hill (Cooley's former friend), Andrew Armanious (Datex's CIO and a member of the Board of Directors), Marie Armanious (Datex's Controller and a member of the Board of Directors), Samir Armanious (Chairman of the Board of Directors), and Michael Armanious (President and CEO of Datex and a member of the Board of Directors). Following the trial, the bankruptcy court accepted written closing arguments. On March 26, 2024, the bankruptcy court issued its written opinion, which concluded that Cooley had indeed lied about having cancer and needing medical treatment to reduce his workload, but found that Datex did not prove that it sustained damages due to Cooley's cancer lie. Based on its finding that Datex failed to prove damages, the bankruptcy court entered judgment for Cooley on the adversary complaint.[3]

In this appeal, Datex contends that the bankruptcy court committed several errors. Datex first argues that even if the bankruptcy court's findings regarding a lack of evidence of actual damages were correct, judgment in favor of Cooley was still improper because the law requires an award of at least nominal damages to Datex on its claims for breach of fiduciary duty and conversion. Datex further argues that the bankruptcy court erred in failing to award it compensatory damages based on competent and unrebutted evidence.

---

[3] The Court notes that the bankruptcy court entered judgment in favor of Datex, and against Cooley, on Cooley's counterclaim.

## Standard of Review

The district court functions as an appellate court when reviewing final judgments and certain interlocutory orders and decrees of a bankruptcy court. *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994); 28 U.S.C. § 158(a). "Legal conclusions of the bankruptcy court are reviewed *de novo* . . . ." *Bunyan v. Remick*, No. 8:18-cv-1519-T-36, 2019 WL 4805428, at *2 (M.D. Fla. Oct. 1, 2019) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009)). "The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous . . . ." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation omitted). A finding is not "clearly erroneous" when the lower court's assessment of the evidence is "plausible in light of the record viewed in its entirety." *Id.* at 573-74. "[T]he reviewing court may affirm the Bankruptcy Court's decision on any basis supported by the record." *In re Ford*, No. 8:19-cv-02724-MSS, 2020 WL 13349093, at *4 (M.D. Fla. Aug. 3, 2020) (quoting *In re Raymond & Assoc., LLC*, No. 19-01086-KD-MU, 2020 WL 3073005, at *19 (S.D. Ala. June 10, 2020)).

## Analysis

*Compensatory Damages*

Datex argues that the bankruptcy court erred by failing to award certain proven and unrebutted compensatory damages to Datex – specifically, those

damages based on Cooley's misappropriation of non-transferrable flight credits, use of Datex's credit card for personal purchases at the Apple store, and collection of a full salary and benefits despite reducing his workload based on the cancer lie. Datex claims that the bankruptcy court either ignored unrebutted evidence or relied upon inadmissible evidence when making its findings on these issues.[4]

Federal courts do not undermine the factual findings of a trial court unless there is clear error. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Determining credibility and assigning weight to the testimony of live witnesses is the province of the trial court. *See, e.g.*, *In re Kane*, 755 F.3d 1285, 1288 (11th Cir. 2014) ("[W]hen we examine the facts adduced at trial, generally we will not disturb a bankruptcy court's credibility determinations.").

The quibbles identified by Datex, which seek to undermine the bankruptcy court's evaluation of the evidence, do not rise to the level of clear error. A review of the record makes it clear that the bankruptcy court acted within its discretion by carefully assessing the conflicting evidence presented at trial, accepting evidence it found to be true, and rejecting evidence that it found to be questionable or untrue. Just because the bankruptcy court reached a conclusion with which Datex disagrees

---

[4] Contrary to Datex's assertion, it was not improper for the bankruptcy court to allow Cooley to refresh his recollection as to certain dates by using text messages that were not admitted into evidence at trial. Any document may be used to refresh a witness's recollection. *See* Fed. R. Evid. 612. "And [w]hen there is careful supervision by the court, the testimony elicited through refreshing recollection may be proper, even though the document used to refresh the witness['s] memory is inadmissible." *United States v. Mosquera*, 886 F.3d 1032, 1050 (11th Cir. 2018) (quoting *United States v. Scott*, 701 F.2d 1340, 1346 (11th Cir. 1983)). As such, it was certainly not improper for the bankruptcy court to allow Cooley to refresh his recollection with the text messages, and then to carefully consider and weigh his oral testimony based on his recollection.

does not mean that the bankruptcy court committed reversible error. In short, "[t]here is sufficient evidence in the record to support the bankruptcy court's findings, and [i]t is not this Court's role to retry the case or to weigh the evidence as it sees fit." *Coady v. D.A.N. Joint Venture, L.P.*, No. 08-81332-CIV, 2009 WL 9041189, at *8 (S.D. Fla. Apr. 1, 2009), *aff'd sub nom. In re Coady*, 588 F.3d 1312 (11th Cir. 2009) (quotation omitted).

***Nominal Damages***

Datex argues that because the bankruptcy court found that Cooley breached his fiduciary duty by lying to his client and employer about having cancer, the bankruptcy court erred by not entering judgment in favor of Datex because it had proven at least nominal damages. Specifically, Datex contends that Florida law automatically *requires* an award of nominal damages, even absent proof of recoverable damages.

Although nominal damages *may* be awarded when a fiduciary duty is breached, it does not necessarily stand to reason that nominal damages *must* be awarded when a fiduciary duty is breached. *See Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-CEH-CPT, 2022 WL 10219893, at *26 (M.D. Fla. Oct. 10, 2022) (agreeing with argument that "nominal damages *may* be awarded where breach of a duty is shown but no actual damages are proved" (emphasis added)); *Goldberg for Jay Peak, Inc. v. Raymond James Fin., Inc.*, No. 16-21831-CIV-LENARD/GOODMAN, 2017 WL 7791564, at *5 (S.D. Fla. Mar. 27, 2017) (noting that under Florida law, nominal damages *may* be awarded for a breach of a fiduciary duty when no actual damages are proven); *Rocco v. Glenn, Rasmussen,*

*Fogarty & Hooker, P.A.*, 32 So. 3d 111, 116 n.2 (Fla. 2d DCA 2009) ("However, a defendant *may* be liable for nominal damages for a breach of fiduciary duty even if the plaintiff cannot prove actual damages." (emphasis added)). Datex has failed to point to any binding case law establishing that an award of nominal damages is required in a breach of fiduciary action or conversion action.[5]

Moreover, Datex did not raise the issue of nominal damages to the bankruptcy court at any stage of the proceedings. A plaintiff may waive nominal damages. *See, e.g.*, *Berene v. Nationstar Mortgage, LLC*, 800 F. App'x 756, 761 n.5 (11th Cir. 2020) (noting that a claim for nominal damages can be waived and concluding that the plaintiffs waived nominal damages because they did not seek them as a remedy at court below); *Oliver v. Falla*, 258 F.3d 1277, 1281 (11th Cir. 2001) ("Several other courts, in a variety of cases, have held that a plaintiff may waive nominal damages" and noting waiver in breach of duty case against a plaintiff's attorneys). Because Datex did not pursue nominal damages with the bankruptcy court, it has waived any entitlement it might have to an award of nominal damages. Consequently, the bankruptcy court did not err by not automatically awarding nominal damages to Datex.

***Sanctions***

On September 23, 2024, Cooley filed two motions for sanctions, seeking to penalize Datex for filing what he deemed to be a "frivolous" appeal. (Docs. 15, 16).

---

[5] Most, if not all, of the cases cited by Datex appear to present nominal damages as permissive. In addition, the Court notes that the bankruptcy court did not actually find – either specifically or indirectly – that Datex suffered *any* damages on its breach of fiduciary duty claim or conversion claim.

Cooley also requested sanctions in his brief, arguing that the appeal is "nothing more than a continuation of the abuse against Mr. Cooley by Appellant and Michael Armanious." Datex responded in opposition to the motions for sanctions, arguing that not only were sanctions against Datex unwarranted, but that the Court should sanction Cooley for filing motions requesting sanctions. (Docs. 23, 24).

The Court does not find that the filing of this appeal rises to the level required to impose sanctions. The issues raised by Datex, including its arguments concerning nominal damages, are at the very least supported by a good faith, reasonable reading of the law and application to the facts of this case. But just because the Court concludes that the appeal is not frivolous does not mean that it appreciates the tone of the parties' legal filings. It seems clear that the parties' dislike of each other, stemming from what appears to be an acrimonious divorce proceeding, is fueling a contentious and scorched-earth style litigation strategy here and in other lawsuits. Counsel would be better served by avoiding becoming ensnared in these types of petty squabbles and instead encouraging professionalism and civility.

## **Conclusion**

The bankruptcy court did not err in its evidentiary determinations or in entering judgment for Cooley. The bankruptcy court concluded that even if Cooley lied about having cancer and requiring extensive medical treatment, Datex had not proven damages. This conclusion is not clearly erroneous. Datex has not shown any entitlement to nominal damages, and it has waived the issue of nominal damages by failing to bring that issue to the bankruptcy court.

Since Datex has not established compensatory damages or nominal damages, the bankruptcy court's conclusion that Cooley is entitled to judgment on all counts of Datex's non-dischargeability complaint because there is no debt owed by Cooley is likewise not clearly erroneous. The judgment of the bankruptcy court is therefore affirmed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The bankruptcy court's "Memorandum Decision After Trial on Adversary Complaint, Counterclaim, and Debtor's Objection to Claim 10 of Datex Inc." (Doc. 3-6) and final judgment (Doc. 3-2) are **AFFIRMED**.

2. The motions for sanctions (Docs. 15; 16) are **DENIED**.

3. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of October, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE